UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURA C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 20-00182-DFM <br><br> MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Laura C. ("Plaintiff") applied for Social Security Disability Insurance Benefits, alleging disability beginning March 16, 1985. See Dkt. 16, Administrative Record ("AR") 154-55.[1] After being denied initially and on reconsideration, see AR 88-92, 95-99, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on January 20, 2018. See AR 37-58, 100-03.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Additionally, all citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

The ALJ issued an unfavorable decision on January 10, 2019. See AR 19-30. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 16, 1985 through her date last insured of December 31, 2014. See AR 24. Notwithstanding this finding, the ALJ noted that Plaintiff had engaged in substantial gainful activity from 2005 to 2008 and that she testified to working part-time as a massage therapist. See id. At step two, the ALJ determined that Plaintiff had the severe impairments of "[Parkes Weber] syndrome/arterial venous malformation (prominently left lower extremity); myofascial pain with possible fibromyalgia; degenerative disc disease of the thoracic and lumbar spine." Id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 25.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with one additional limitation. See id. At step four, the ALJ found that Plaintiff could not perform her past relevant work. See AR 28. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that someone with Plaintiff's RFC could perform jobs that exist in the national economy, including information clerk (DOT 237.367-002), receptionist (DOT 237.367-038), and appointment clerk (DOT 237.367-010). See AR 29. Accordingly, the ALJ denied benefits. See AR 29-30.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

## III. DISCUSSION

The parties dispute whether the ALJ erred in (1) rejecting the opinion of a treating physician and (2) evaluating Plaintiff's subjective symptom testimony. See Dkt. 19, Joint Stipulation ("JS") at 4.

### A. Medical Evidence

#### 1. Background

On October 17, 2018, Plaintiff's treating physician, Dr. Uldine Castel, completed a medical source statement. See AR 1019-21. Dr. Castel indicated that she had been treating Plaintiff monthly since August 2017. See AR 1019. She diagnosed Plaintiff with congenital arteriovenous malformation, lymphedema, and thoracic disk fracture, and indicated that Plaintiff's symptoms included chronic pain, swelling, and sores in her left lower extremity. See id. Dr. Castel also noted that Plaintiff's clinical findings and objective signs of her impairments included chronic skin changes, sores, and varicose veins in the left lower extremity. See id. Notably, Dr. Castel opined that Plaintiff would need to elevate her legs hourly, sit and stand/walk less than two hours in an eight-hour workday, and take eight unscheduled breaks during an eight-hour workday. See AR 1019-21.

The ALJ did not give any weight to Dr. Castel's opinion, because it was rendered and involved treatment that occurred after Plaintiff's date last insured. See AR 28.

The only other medical opinions in Plaintiff's case came from the state agency reviewing physicians, who opined in 2017 that Plaintiff could perform less than a full range of light work. See AR 69-70, 83-84. The ALJ afforded these medical opinions "some weight," given their "supportability with the medical signs and laboratory findings, consistency with the record, and area of specialization." AR 28. But the ALJ found that the medical record showed that Plaintiff is limited to a less than full range of sedentary work. See id.

### 2. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014).

When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. (citation omitted). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c). The Court must consider the ALJ's decision in the context of "the entire

record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citations omitted).

### 3. Analysis

Plaintiff contends that the ALJ improperly rejected the opinion of her treating physician, Dr. Castel. See JS at 4-11, 16-17. Specifically, Plaintiff argues that Dr. Castel's opinion was relevant to her impairments during the disability period, even though it was rendered nearly four years after the date last insured. See JS at 6-7. The Court agrees.

While the ALJ must consider only impairments Plaintiff had before the date last insured, "'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) (as amended) (quoting Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988)); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1033 n.3 (9th Cir. 2007) (noting that medical reports made after the period of disability were relevant and properly considered under Smith). Indeed, "[i]t is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." Smith, 849 F.2d at 1225. Here, the only reason the ALJ gave for rejecting Dr. Castel's opinion is that both her treatment and opinions of Plaintiff are dated after the period of disability. By rejecting Dr. Castel's retrospective opinion solely on that basis, the ALJ committed legal error.

The Commissioner argues that Dr. Castel's opinion is not retrospective, because Dr. Castel does not indicate that her opinion applied to Plaintiff's condition prior to Plaintiff's date last insured. See JS at 13-14. This argument fails. Although there is nothing in Dr. Castel's opinion that references Plaintiff's conditions during the period of disability, Dr. Castel's opinion discusses the same impairments and clinical findings that indisputably existed

during the relevant period, including Plaintiff's congenital arteriovenous malformation that caused chronic pain, sores, swelling, skin changes, and varicose veins in her lower left extremity and her thoracic disk fracture. See AR 258-59, 294, 516, 534-35, 576, 618, 621, 666-67, 780, 1019. In fact, the ALJ found these same conditions to be severe impairments during the disability period. See AR 24. Contrary to the Commissioner's argument, district courts in this circuit have found that medical evaluations rendered after the date last insured are both retrospective and relevant where they relate back to conditions and treatments that existed during the period of disability. See Galeck v. Berryhill, No. 18-131, 2018 WL 4961651, at *6 (C.D. Cal. Oct. 12, 2018) (holding that the ALJ erred by rejecting a treating physician's opinion that was rendered two and a half years after the claimant's date last insured, because it opined about conditions that existed before the date last insured); Vaile v. Berryhill, No. 16-393, 2017 WL 2785331, at *3 (C.D. Cal. June 27, 2017) (finding that medical records, including a treating physician's opinion, made after the claimant's period of disability were relevant because they "relate to treatment for conditions . . . that existed during the period of disability."). The Court finds the reasoning of these other courts persuasive. Therefore, the ALJ should have considered Dr. Castel's opinion to determine its relevancy to Plaintiff's condition before the date last insured or provide specific and legitimate reasons supported by substantial evidence to discount the opinion.

Accordingly, the ALJ erred in assessing Dr. Castel's opinion. Remand is warranted under these circumstances.

B. **Subjective Symptom Testimony**

1. **Background**

At the hearing, Plaintiff testified that her primary issues caused by her impairments are the pain management, swelling, and risk of infection in her

6

lower extremities. See AR 48-49. Her ankle ulcer has been present since 1993 and very rarely closes. See AR 50. She has good days with minimal issues, but also has bad days where her veins bleed profusely. See AR 43. She gets pressure in her leg that requires her to lay down or elevate her legs at heart level every 30 to 45 minutes. See AR 44-45. She gets temporary pain relief from moving around or wearing compression stockings, but she can only wear the stockings for a maximum of three hours. See AR 45-46. Pregnancy worsened her condition. See AR 43.

 Plaintiff further testified that she provides all of the care for her three children, ages 4, 7, and 9, and her husband works outside of the home. See AR 38, 44. She lived with her parents when her children were babies. See AR 48. She cooks, but must wear rubber shoes, take frequent breaks, and sit as often as possible. See AR 47. Her children help with laundry, and her husband helps with changing the sheets. See id. Plaintiff exercises, which includes using a foam roller, doing Pilates, yoga, and push-ups, and, previously, running for 10 minutes. See AR 46-47. She worked at Wells Fargo until 2009, where she received accommodations for her impairments, including sitting on a stool and taking unscheduled breaks to elevate her legs. See AR 53. Plaintiff testified that she works part-time as a massage therapist, for a maximum of three hours per week. See AR 39. Each appointment lasts 50 to 60 minutes, and she had seven appointments between July and November 2018. See AR 53-54.

 **2. Applicable Law**

 The ALJ must make two findings before finding a claimant's pain or symptom testimony not credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). Second, if the claimant has produced that evidence, and

there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834). If the ALJ's subjective symptom finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

### 3. Analysis

Plaintiff contends that the ALJ erred in discounting her subjective symptom testimony. See JS at 17-24. The ALJ concluded that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision, prior to the [date last insured]." AR 26. Specifically, the ALJ found that Plaintiff's statements were inconsistent with (1) her ability to work, (2) her activities of daily living, and (3) the objective medical evidence. See AR 24, 26-28. The Court finds that the first two reasons are clear and convincing and supported by substantial evidence.

First, the ALJ found that Plaintiff's impairments did not impede her ability to engage in work activity during the disability period. See AR 24, 26. An ALJ may consider a claimant's prior ability to work with an impairment when evaluating a claimant's testimony. See Bray v. Comm'r of SSA, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (affirming the ALJ's decision to discount a claimant's testimony where the claimant "recently worked [part-time] as a

personal caregiver for two years, and has sought other employment since then"); see also Ruckdashel v. Colvin, 672 F. App'x 745, 746 (9th Cir. 2017) (upholding the ALJ's partial rejection of the claimant's testimony where the claimant "worked full time with her impairments for several years without issue"). Here, the ALJ's finding is supported by substantial evidence. As the ALJ indicated, Plaintiff performed substantial gainful activity from 2005 to 2008, and worked into 2009. See AR 26, 160-62. Plaintiff reported that she worked full-time in those positions, which required standing and/or walking for two or more hours each workday. See AR 182, 193-95. Plaintiff also reported engaging in limited part-time work as a massage therapist after her date last insured, with appointments that lasted 50 to 60 minutes. See AR 39, 53-54. Plaintiff's ability to work during her period of disability is inconsistent with her reports of severely disabling symptoms. The ALJ's consideration of this inconsistency was proper.

Plaintiff contends that the ALJ failed to inquire about the accommodations she received while working. See JS at 21-22. In support, Plaintiff cites to Trevizo v. Berryhill, 862 F.3d 987, 998 (9th Cir. 2017), in which the Ninth Circuit found that an ALJ improperly relied on a claimant's childcare activities to reject a treating physician's opinion because the record did not provide any information about what those activities entailed and the ALJ did not develop the record. See id. Trevizo, however, is distinguishable from Plaintiff's case. Notably, Plaintiff's medical record contains information about her work accommodations. She testified at the hearing that Wells Fargo permitted her to sit on a stool and take sitting breaks where she could elevate her legs. See AR 53. And, in a work activity report dated January 2017, Plaintiff reported that while working as a front desk hotel clerk and nursing assistant from 2004 to 2008, she was permitted to sit in a chair, received flexible sitting breaks, and allowed to answer phones in order to take sitting

breaks. See AR 169. Even with these accommodations, her ability to work full-time during her period of disability is a valid reason for the ALJ to discount her testimony. See Meador v. Astrue, 357 F. App'x. 764, 765 (9th Cir. 2009) (finding that the ALJ properly discounted a claimant's testimony in part because she worked during the period of disability, even though she received "significant accommodations").

Plaintiff also points out that her impairments worsened while she worked at Wells Fargo. See JS at 22. Plaintiff's medical record reflects that she stopped working at Wells Fargo in March 2009, because her first pregnancy worsened the symptoms in her lower left leg. See AR 42, 619, 654. As the ALJ noted, however, Plaintiff's symptoms improved after she gave birth and she did not appear to experience the same worsening of symptoms in her following pregnancies. See AR 26, 472, 570, 572, 577, 619, 627. Therefore, the ALJ's decision to discount Plaintiff's testimony based upon her ability to work with her impairments is supported by substantial evidence.

Second, the ALJ found that Plaintiff's allegations were inconsistent with her activities of daily living. See AR 26. Specifically, the ALJ discusses Plaintiff's activities of caring for her three young children while her husband worked, cooking with some limitations, and exercising. See id. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." Ghanim, 763 F.3d at 1165. This finding is supported by substantial evidence. Although the Court agrees that Plaintiff's ability to perform some exercise and cook with some limitations is not necessarily inconsistent with her testimony, the fact that she provided all of the care for her young children conflicts with her testimony that she must elevate her legs at heart level every 30 to 45 minutes and lay down as needed. See AR 44.

Plaintiff argues that the ALJ did not consider the context in which she performed her daily activities, particularly regarding her childcare activities. See JS at 22-23. The ALJ acknowledged that when her children were babies, Plaintiff's family lived with her parents who helped with childcare. See AR 26. But Plaintiff testified that she lived with her parents beginning with her second child and moved out for a period of time before getting pregnant with her third child, which means she did not receive assistance with childcare during the entirety of the disability period. See AR 48. Plaintiff also testified that her husband and children help with some household chores, but it is not clear that her young children could provide such help during the disability period. See AR 47. While the Social Security Act "does not require that claimants be utterly incapacitated for benefits," Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), there was substantial evidence to support the ALJ's finding that Plaintiff's daily activities undermine her reports about the fully disabling nature of her symptoms. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (finding that the ALJ properly relied on a claimant's ability to care for two young children as a basis for discounting her subjective testimony).

Finally, the ALJ found that the objective medical evidence did not support the severe limitations alleged by Plaintiff. See AR 26. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ found that Plaintiff experienced "a pattern of ups and downs with her various impairments," but that her medical record reflects that her symptoms from both her arteriovenous malformation and back impairments showed improvement. AR 27-28. Plaintiff argues that the ALJ failed to consider medical records after her date last insured, and thus did not "consider the context of [her] purported improvement." JS at 23-24. As discussed above, medical records dated after

the date last insured can be relevant to assessing a claimant's condition during the period of disability. See Lester, 81 F.3d at 832. In discussing Plaintiff's objective medical evidence, the ALJ indicated that she did not consider any records dated after Plaintiff's date last insured. See AR 28. Because these records could have been relevant to determining whether the objective medical evidence supports Plaintiff's subjective symptom testimony, the Court finds that this reason is not supported by substantial evidence.

Nevertheless, because the ALJ provided two clear and convincing reasons supported by substantial evidence to discount Plaintiff's symptom testimony, remand is not warranted on this claim of error. See Burch, 400 F.3d at 679 ("A decision of the ALJ will not be reversed for errors that are harmless.") (citation omitted).

**C.     Remand Is Warranted**

Whether to remand for further proceedings or an award of benefits is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is,

in fact, disabled within the meaning of the Social Security Act."). Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to assess Dr. Castel's opinion.

## IV. CONCLUSION

The decision is the Social Security Commission is reversed and this case is remanded.

IT IS SO ORDERED.

Date: January 15, 2021

DOUGLAS F. McCORMICK
United States Magistrate Judge